IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CRAIG SAUNDERS,
          Plaintiff,

   v.

GWENDOLYN BRIGHT, et al.,
          Defendants.

Civ. No. 07-1468

**MEMORANDUM ORDER**

Presently before the court are (1) plaintiff Craig Saunders's motions for entry of default, (2) motions to dismiss filed by defendants Gwendolyn Bright, Barry Harris, Michael Ammann, Sharon German, Susan Carmody, and the City of Philadelphia, and (3) plaintiff's motion for leave to amend his complaint.

**I.    Background**

Plaintiff is an inmate at SCI Rockview, a Pennsylvania correctional facility, where he is serving a sentence for various crimes for which he was convicted in January 2004. The individual defendants are all personnel of the First Judicial District of Pennsylvania Court of Common Pleas, the Pennsylvania court which imposed plaintiff's convictions and sentence. The City of Philadelphia is alleged to be the individual defendants' employer.

-1-

The gravamen of plaintiff's complaint is that he was allegedly deprived of certain transcripts from his first trial (which ended in mistrial because of a hung jury). This alleged deprivation, according to plaintiff, prevented his attorney from properly preparing for his second trial (which ended in a judgment of multiple convictions), and prevented him from properly preparing for his *pro se* direct appeal to the Pennsylvania Superior Court (which affirmed the convictions).[1]

## II.     Default

The U.S. Marshal served plaintiff's summons and complaint on all defendants on September 11, 2007. Thus, under Fed. R. Civ. P. 12(a)(1)(A)(i), defendants had twenty days—until October 1, 2007—to file a responsive pleading. None did so. Rather, all defendants except Gwendolyn Bright filed a motion to dismiss on October 5, 2007. Bright filed a motion to dismiss on October 16, 2006. On October 18, 2007, the court received a request from plaintiff to enter a default against all defendants. The request was dated October 16, 2007, though it is unclear when it was delivered to prison officials for mailing to the court.[2]

Because defendants filed motions to dismiss before plaintiff requested an entry of default, I will dismiss his request as moot. Even if default had been entered, though defendants' untimeliness is not looked upon favorably, I would set aside any entry of

---

[1] Plaintiff was appointed an appellate attorney, but he elected to proceed *pro se* instead.

[2] Plaintiff re-filed that same request on November 21, 2007.

default for good cause, *see* Fed. R. Civ. P. 55(c), as the delay was short, does not appear to have prejudiced plaintiff, and should not prevent the court from deciding this case on its merits.

### III.     Motion to dismiss

Plaintiff translates his allegations into several claims arising under the federal constitution and various civil rights laws. Defendants move to dismiss all federal claims on the ground that they constitute an impermissible collateral attack on plaintiff's convictions under the teaching of *Heck v. Humphrey*, 512 U.S. 477 (1994). "To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.2d 227, 234 (3d Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955, 1965 (2007)).

In *Heck*, the Supreme Court held that when the effective result of ruling for the plaintiff in a 42 U.S.C. § 1983 claim would be the invalidation of plaintiff's state conviction, the plaintiff must allege and prove that the conviction previously has been reversed, vacated, or otherwise invalidated. 512 U.S. at 486–87. If the conviction has not previously been set aside, then the § 1983 action may not be maintained, as allowing such a collateral attack would interfere with the federal *habeas* scheme, which Congress intended to be a state prisoner's exclusive federal remedy in challenging the constitutionality of his state conviction. *Id.* The Court analogized this rule to the

common-law rule that tort claims may not collaterally challenge an otherwise valid conviction.  *Id.*

To accord plaintiff relief in this case, the court would have to conclude that his trial and appeal were procedurally defective, and that these defects caused plaintiff damage.  This damage could only take the form of plaintiff's convictions, his inability to have those convictions overturned on appeal, and his resulting incarceration.  Thus, the court could not accord plaintiff relief without, collaterally, rendering his convictions effectively invalid.  This sort of collateral attack on an otherwise valid conviction is impermissible in a § 1983 action.  Therefore, plaintiff's § 1983 claims (seeking to vindicate rights arising under the First, Fifth, Sixth, Eighth, and Fourteenth Amendments) must be dismissed.

Plaintiff also seeks to translate his allegations into causes of action under 42 U.S.C. §§ 1981, 1985 and 1986.  Several courts of appeals have extended the Supreme Court's holding in *Heck* to bar collateral attacks of convictions alleged to arise under these statutes.  *See McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1097 n.4 (9th Cir. 2004); *Lanier v. Bryant*, 332 F.3d 999, 1005–06 (6th Cir. 2003); *Amaker v. Weiner*, 179 F.3d 48, 51–52 (2d Cir. 1999).  The court agrees with their analysis.  The motivating logic of *Heck* is that civil rights suits, like common-law tort suits, "are not appropriate vehicles for challenging the validity of outstanding criminal judgments."  512 U.S. at 486.  This logic, as the various courts of appeals have noted, *see Amaker*, 179 F.3d at 51–52, applies

with equal force to actions arising under 42 U.S.C. §§ 1981, 1985, and 1986, as it does to those arising under 42 U.S.C. § 1983.  Therefore, the court must likewise dismiss plaintiff's §§ 1981, 1985, and 1986 causes of action.[3]

Plaintiff has also asserted several causes of action arising under Pennsylvania law.  The court, having dismissed all of plaintiff's federal claims, will decline to exercise supplemental jurisdiction over plaintiff's state-law claims.  28 U.S.C. § 1367(c)(3).

### IV.  Plaintiff's motion for leave to amend his complaint

Plaintiff has filed a motion styled as one for leave to amend his complaint.  His proposed amendment, however, consists entirely in a request to append numerous documents to his original complaint.  Plaintiff has not sought leave to alter any of his substantive allegations.  While plaintiff has an absolute right to amend his complaint before receiving a responsive pleading, Fed. R. Civ. P. 15(a), the court construes the motion, not as an attempted amendment, but as an attempt to put factual matters on the record.  This construction seems most faithful to plaintiff's motion, as he has not altered his factual allegations, but has merely attempted to submit to the court documents which might support his factual claims.  The court will dismiss plaintiff's request as moot in light of the court's disposition of defendants' motion to dismiss.

\*   \*   \*   \*   \*

AND NOW, this 26th day of February, 2008, for the foregoing reasons, it is hereby

---

[3] The court's conclusion that *Heck* bars all of plaintiff's federal claims obviates any need to reach any of defendants' other arguments for dismissing the claims.

ORDERED that:

(1) Plaintiff's requests for entry of default (Docket Nos. 13 and 19) are DISMISSED as moot;

(2) defendants' motions to dismiss (Docket Nos. 11 and 12) are GRANTED;

(3) plaintiff's request for leave to amend his complaint (Docket No. 18) is DISMISSED as moot; and

(4) as all of the claims asserted have been disposed of, the Clerk is directed to mark the case statistically closed.

BY THE COURT:

/s/ Louis H. Pollak

_____
Pollak, J.